PEOPLE, PLAINTIFF AND APPELLEE, *v.* BERRÍOS, DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in a Prosecution for Breach of Peace.

No. 2263.—Decided January 22, 1925.

BREACH OF PEACE—THREATS AND CHALLENGES—PLEADING.—The complaint in this case charged that without the consent of the doorkeeper the defendants entered a house where a dance by invitation was going on and attempted to participate in the dance against the will of those present, uttering expressions too indecent to be quoted, accompanied by threats and challenges, thereby disturbing the peace and tranquillity of those present. *Held:* That the complaint was sufficient because the acts charged constitute threats and challenges and it was not necessary to allege that the words were uttered in the presence or within the hearing of women or children, it being of little importance whether the appellant entered the dance-room with or without permission from the owner of the house or the doorkeeper, or whether or not he attempted to dance against the will of those present.

ID.—TRIAL *de Novo*—PREJUDICE.—The fact that in sentencing the defendant to three months in jail for a breach of the peace after he had been sentenced to pay a $25 fine by the municipal court the district court stated that such things were happening frequently, did not show prejudice and was not error.

The facts are stated in the opinion.

*Mr. E. López Tizol* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

A policeman filed a complaint in a municipal court against Luis Berríos and Manuel Berríos and on appeal the district court found Manuel Berríos guilty and sentenced him to three months in jail, whereupon he took the present appeal.

The complaint alleged that at 3:50 a. m. of a certain day Manuel and Luis Berríos maliciously, unlawfully and

wilfully entered without the consent of the doorkeeper the house of Evangelista Félix where an invitation dance was going on and attempted to participate in the dance against the will of those present, at the same time uttering expressions which are too indecent to reproduce accompanied by challenges and threats, thereby disturbing the peace and tranquillity of those present.

The appellant alleges that the complaint did not charge an offense because it did not state that the words alleged to have been used were uttered in the presence or within the hearing of women or children and in a loud and boisterous manner, a necessary element of the offense defined by section 368 of the Penal Code.

That is one way in which a breach of the peace may be committed according to the said section, but it also specifies another, that is, disturbing the peace or quiet of any neighborhood or person by loud or unusual noise, or by tumultuous or offensive conduct, or threatening, traducing, quarrelling, challenging to fight or fighting, and in such a case it is not necessary that the words be uttered in the presence or within the hearing of women or children. Inasmuch as the words alleged to have been uttered by the appellant constitute a threat and challenge and as it is alleged that they disturbed the peace and quiet of those present at the dance, we have no doubt that the complaint charged the commission of an offense in the manner stated, it being of little importance whether the appellant entered the dance-room with or without permission from the owner of the house or the doorkeeper, or whether or not he attempted to dance against the will of those present.

The appellant also alleges that the judgment is contrary to the evidence, but we have read the evidence and are convinced to the contrary, for it appears that without being invited the appellant entered the dance-room in a violent attitude and against the protest of the doorkeeper; that after entering he asked a girl to dance with him and upon being

told that it was a dance for the colored class to which he was not invited and asked to leave, he replied that he would dance anyhow on the strength of his manhood or that there would be no more dancing, uttering then the words quoted in the complaint and others of a similar character and engaging in a struggle with the people at the dance.

It is assigned also as error that the district court modified the sentence of a fine of $25 imposed by the municipal court and sentenced the appellant to three months in jail, basing its action on the fact that similar acts were occurring frequently. For this reason it is alleged that the court was prejudiced against the appellant.

Appeals in this class of cases to the district courts are tried *de novo* and, therefore, the sentence imposed by the municipal court need not be taken into account. The fact that in imposing the sentence the district court based it on the frequency of the commission of acts like those of which the appellant was found guilty can not be considered as error or as prejudicial, for it was within the power of the court to impose the sentence and to consider the frequent commission of the offense in the community for the purpose of preventing it.

The judgment is

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.